IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MOTHERS AGAINST DRUNK DRIVING,

    Plaintiff,

vs.

MADDSEXY LLC and
MADDSEXY LINGERIE & MORE, LLC

JURY TRIAL DEMANDED

    Defendants.
_____/

**ORIGINAL COMPLAINT**

Mothers Against Drunk Driving ("MADD") seeks to enjoin Defendants MADDSEXY LLC and MADDSEXY Lingerie & More, LLC ("Defendants" or "MADDSEXY") from unlawful dilution of MADD's famous trademarks, false descriptions and representations in commerce, and trademark infringement.

**PARTIES**

1.    Mothers Against Drunk Driving is a non-profit corporation existing under the laws of the District of Columbia, with its principal place of business at 511 East John Carpenter Freeway, Suite 700, Irving, Texas 75062.

2.    Defendant MADDSEXY, LLC is a Florida limited liability company with a principal place of business located at 851 NW 207 St., Miami, Florida 33169. MADDSEXY,

LLC has appointed PINNACLE ENTERPRISE & COMMERCE CORP, at 851 NW 207 St, Miami, Florida 33169, as its agent for service of process.

3. Defendant MADDSEXY Lingerie & More, LLC, is a Florida limited liability company with a principal place of business located at 851 NW 207 St, Miami, Florida 33169. MADDSEXY Lingerie & More, LLC has appointed PINNACLE ENTERPRISE & COMMERCE CORP, at 851 NW 207 St, Miami, Florida 33169, as its agent for service of process.

## JURISDICTION AND VENUE

4. This is a suit for violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, 1338(a), and 1338(b).

5. Venue is proper under 28 U.S.C. § 1391(c) because Defendants reside in this judicial district.

6. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims of this action occurred in this judicial district.

## BACKGROUND

7. MADD was founded in 1980 by a mother whose daughter was killed by a drunk driver.

8. Over the past 32 years, MADD has become the nation's largest non-profit working to protect families from drunk driving; serving the victims of this violent crime; and, working to stop underage drinking.

9. Due in large part to MADD, drunk driving fatalities have declined substantially over the years, and have declined some 24% since 2006.

10. MADD is currently promoting awareness of the dangers and consequences of driving under the influence of alcohol, preventing alcohol and other drug use among our nation's youth, and providing support services for the victims of drunk driving.

11. Over the past 32 years, MADD has evolved into one of the most widely supported, well known, and well-liked non-profit organizations in America.

12. In order to carry out its mission, MADD has extensively utilized various trademarks and service marks, most of which incorporate the famous MADD mark.

13. MADD is the owner of Federal Service Mark Registration No. 1,250,706 for "MADD," registered September 6, 1983, for association services related to promoting the interests of individuals opposed to drunk driving, together with all common law rights in the service mark "MADD."  This registration is and has been in full force and effect, is valid in all respects, and has become incontestable under 15 U.S.C. § 1065.  A copy of the registration certificate is attached as Exhibit A.

14. The MADD mark is famous in Florida and throughout the United States.

15. MADD is also the owner of the following other Federal Trademark and Service Mark Registrations incorporating "MADD," many of them incontestable under 15 U.S.C. § 1065:

| | |
|---|---|
| MADD & Design | Reg. No. 1,558,546 |
| MADD & Design | Reg. No. 4,075,293 |
| VICTIM IMPACT PANELS MADD & Design | Reg. No. 1,628,711 |
| MADDVOCATE | Reg. No. 1,645,240 |
| I'M A MADD DAD & Design | Reg. No. 1,688,513 |
| MADD VICTIM SERVICES | Reg. No. 1,998,125 |

| | |
|---|---|
| MADD DASH | Reg. No. 2,187,624 |
| MADD ACTIVISM VICTIM SERVICES EDUCATION & DESIGN | Reg. No. 2,730,301 |
| MADD MEDIA AWARDS & Design | Reg. No. 2,781,780 |
| MADD YOUTH IN ACTION | Reg. No. 3,090,158 |
| MADD YOUTH IN ACTION & Design | Reg. No. 3,100,555 |
| UMADD | Reg. No. 3,133,576 |
| SHIFTING GEARS MADD & Design | Reg. No. 3,224,809 |
| THINK. HOMECOMING. MADD. & Design | Reg. No. 3,289,837 |
| THINK MADD | Reg. No. 3,290,012 |
| THINK MADD & Design | Reg. No. 3,290,013 |
| THINK. PROM MADD & Design | Reg. No. 3,290,240 |
| THINK. GRADUATION MADD & Design | Reg. No. 3,423,757 |
| THINK. SPRING BREAK MADD & Design | Reg. No. 3,423,758 |
| WALK LIKE MADD & Design | Reg. No. 3,556,969 |
| WALK LIKE MADD | Reg. No. 3,556, 975 |
| MADD MEDIA AWARDS | Reg. No. 3,733,594 |
| POWER OF PARENTS IT'S YOUR INFLUENCE. BY MADD & Design | Reg. No. 3,797,500 |
| POWER OF PARENTS IT'S YOUR INFLUENCE BY MADD | Reg. No. 3,797,504 |
| PROTECTING YOU PROTECTING ME MADD & Design | Reg. No. 3,833,641 |
| POWER OF PARENTS IT'S YOUR INFLUENCE. BY MADD & Design | Reg. No. 4,012,965 |
| POWER OF PARENTS IT'S YOUR INFLUENCE | Reg. No. 4,012,966 |

BY MADD

SKADD                                                                                       Reg. No. 1,793,976

16.     Copies of these registration certificates are attached as Exhibit B.

17.     MADD is also the owner of pending Federal Service Mark Applications for the following marks incorporating "MADD":

| | |
|---|---|
| MADD (Stylized) | Ser. No. 85/243,625 |
| CAMPAIGN TO ELIMINATE DRUNK DRIVING MADD & Design | Ser. No. 85/400,193 |
| CAMPAIGN TO ELIMINATE DRUNK DRIVING MADD & Design | Ser. No. 85/400,223 |
| CAMPAIGN TO ELIMINATE DRUNK DRIVING MADD & Design | Ser. No. 85/400,276 |
| MADD TIE ONE ON FOR SAFETY & Design | Ser. No. 85/400,139 |
| MADD TIE ONE ON FOR SAFETY & Design | Ser. No. 85/400,155 |
| MADD TIE ONE ON FOR SAFETY & Design | Ser. No. 85/400,174 |
| POWER OF PARENTS MADD & Design | Ser. No. 85/400,305 |
| POWER OF PARENTS MADD & Design | Ser. No. 85/400,327 |
| POWER OF PARENTS MADD & Design | Ser. No. 85/400,350 |
| VICTIM IMPACT PANELS MADD & Design | Ser. No. 85/400,389 |
| VICTIM IMPACT PANELS MADD & Design | Ser. No. 85/400,473 |
| WALK LIKE MADD & Design | Ser. No. 85/400,491 |
| WALK LIKE MADD & Design | Ser. No. 85/400,506 |

18.     MADD is the owner of several common law trademarks and service marks incorporating "MADD" used in association with educational materials and in association with services promoting awareness of the dangers and consequences of driving under the influence of

alcohol, the prevention of alcohol and other drug use among youth, and the provision of services for the victims of drunk driving.

19. The federal registrations identified in Exhibits A and B, as well as the common law marks identified herein are collectively the "MADD Marks."

20. MADD has devoted substantial efforts to promoting its goods and services and has developed substantial recognition for them under the distinctive MADD Marks in connection with promoting the interests of individuals opposed to driving under the influence of alcohol and in connection with educational programs for discouraging drunk driving and addressing the prevention of alcohol and other drug use among youth.

21. MADD's federal registrations for MADD as well as the other MADD Marks have become distinctive, well known, and accepted by the public in connection with promoting the interests of individuals opposed to driving under the influence of alcohol and for educational programs for discouraging drunk driving, and addressing the prevention of alcohol and other drug use among youth, said marks serving to distinguish MADD's services from the services of other organizations.

22. MADD, through its own significant efforts, skill and experience, has acquired and now enjoys substantial goodwill and a valuable reputation under its distinctive MADD Marks.

23. MADD relies on its valuable reputation and credibility to carry out its mission, which depends on its continued independence from other organizations.

24. Any inference of a connection between MADD and any other organization that offers scandalous and immoral goods tends to erode MADD's credibility and damage MADD's goodwill and valuable reputation.

## DEFENDANTS' UNLAWFUL ACTIVITIES

25. Defendants sell lingerie and other highly sexualized and suggestive products under the mark MADDSEXY.

26. Defendants own the domain name maddsexy.com, and operate a website at that domain name promoting the sale and distribution of their women's intimate products under the "MADDSEXY" mark.

27. In promoting their products, Defendants put forth highly sexualized depictions of women.

28. Such highly sexualized depictions of women are often juxtaposed with Defendants' MADDSEXY mark.

29. Below are several redacted images from Defendants' website at maddsexy.com:

 

30. Defendants also promote their products through various fashion shows, and posting images and videos from such shows.

31. Below are several redacted images from one of Defendants' fashion shows:



32. Such highly sexualized depictions of women juxtaposed with the famous MADD mark, as seen above, is offensive to MADD and its members, and likely to dilute the substantial quality and goodwill of the MADD Marks.

33. The acts of Defendants tend to dilute and reduce the value of MADD's goodwill in its MADD Marks and to destroy the exclusive association between MADD and its MADD Marks.

34. Defendants' promotion of lingerie products, along with their highly sexualized portrayal of women in their promotion of their products, is likely to erode MADD's credibility

and damage MADD's goodwill and valuable reputation by diluting the MADD Marks, including, but not limited to, the famous MADD mark.

35.     Defendant MADDSEXY Lingerie & More LLC is the owner of the pending U.S. application for MADDSEXY, Ser. No. 85/090,091, covering "Women's tops, namely, camis; Women's underwear," in International Class 25, against which MADD has filed a Notice of Opposition with the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, which is currently pending as Opposition No. 91198330.

36.     Below is a reproduction of the MADDSEXY mark used by Defendants on the website located at maddsexy.com.

# MADDSEXY

37.     The MADDSEXY mark fully incorporates MADD's famous MADD mark.

38.     The MADDSEXY mark is nothing more than a combination of the MADD mark along with the word SEXY.

39.     SEXY is a merely descriptive term commonly used to describe women's lingerie.

40.     On information and belief, Defendants were aware of the goods and services offered under Plaintiff's MADD Marks at the time Defendants adopted the designation "MADDSEXY" and began doing business and incorporated under the same.

41.     On information and belief, Defendants were familiar with the high level of acceptance by the public of MADD's goods and services offered by MADD under its MADD Marks.

42. Defendants have offered goods under the name and designation "MADDSEXY," which constitutes a colorable imitation and substantial infringement of MADD's distinctive MADD Marks.

43. On information and belief, Defendants are advertising and promoting themselves and their goods under the name "MADDSEXY" in the same channels of commerce through which MADD promotes its goods and services.

44. Defendants' products are primarily marketed to female consumers to whom MADD also substantially directs its goods and services.

45. Defendants knew or should have known that the selection and use of the mark "MADDSEXY" would enable Defendants to trade on the extensive and valuable goodwill and reputation belonging to MADD.

46. Defendants' use of "MADDSEXY" in promoting women's intimate products so resembles MADD's distinctive marks used in connection with MADD's goods and services, which are offered in the same channels of commerce to the same general public, as to be likely to cause confusion, or to cause mistake, or to deceive.

47. The promotion of Defendants' products under the designation "MADDSEXY" is likely to cause the public to believe that Defendants' products originate with or are sponsored by MADD, or are offered under MADD's supervision and control. As a result of the widespread public acceptance of MADD's services, Defendants' products are likely to be associated with those of MADD as if they were offered or sponsored by MADD.

48. On information and belief, Defendants' acts have been and are being committed with a deliberate purpose and intent of appropriating and trading upon MADD's goodwill and reputation.

## COUNT I
## TRADEMARK DILUTION IN VIOLATION OF THE LANHAM ACT

49.     MADD repeats and realleges the material facts in the preceding paragraphs as if fully set forth herein.

50.     Plaintiff's MADD mark, and other of Plaintiff's MADD Marks, have become famous as a result of many years of nationwide use and promotion of the marks by MADD.

51.     Defendants' unauthorized use of the "MADDSEXY" mark in interstate commerce in the sale, advertising, and promotion of their goods dilutes the distinctiveness, strength and value of MADD's famous "MADD" mark through blurring. Such acts constitute trademark dilution in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

52.     Defendants' unauthorized use of the "MADDSEXY" mark in interstate commerce in the sale, advertising, and promotion of their goods dilutes the distinctiveness, strength and value of MADD's famous "MADD" mark through tarnishment.  Such acts constitute trademark dilution in violation of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

53.     Defendants' trademark dilution has injured MADD.

54.     Defendants' unauthorized use of the "MADDSEXY" mark, as alleged herein, with knowledge of MADD's famous MADD Marks constitutes a willful intent to cause dilution of the famous MADD Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

55.     MADD has no adequate remedy at law for this injury.

56.     Pursuant to section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), MADD is entitled, subject to the principles of equity and upon such terms as the Court deems reasonable, to an injunction against Defendants' use of the "MADDSEXY" mark.

## COUNT II
## TRADEMARK DILUTION UNDER FLORIDA LAW

57. MADD repeats and realleges the material facts in the preceding paragraphs as if fully set forth herein.

58. Plaintiff's MADD mark, and other of Plaintiff's famous MADD Marks, have become famous in Florida as a result of many years of use and promotion of the marks by MADD.

59. Defendants' unauthorized use of the "MADDSEXY" mark in commerce in the sale, advertising, and promotion of their goods has diluted or is likely to dilute the distinctive quality of the famous MADD mark, as well as the distinctive quality of Plaintiff's other famous MADD Marks, in violation of Florida law, FLA. STAT. ANN. § 495.151.

60. MADD has no adequate remedy at law for this injury.

61. MADD is entitled, subject to the principles of equity and upon such terms as the Court deems reasonable, to an injunction against Defendants' use of the "MADDSEXY" mark, in accordance with Florida law, FLA. STAT. ANN. § 495.151(1).

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND REPRESENTATIONS IN COMMERCE UNDER §43(a)(1) OF THE LANHAM ACT

62. MADD repeats and realleges the material facts in the preceding paragraphs as if fully set forth herein.

63. Defendants' acts constitute false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with MADD.

64. Defendants' acts violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65. As a direct and proximate result of Defendants' unlawful acts, MADD has suffered and will continue to suffer loss of good will.

66. Defendant's unlawful acts will cause further irreparable injury to MADD unless restrained by this Court from further violation of MADD's rights.

67. MADD has no adequate remedy at law for this injury.

68. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, MADD is entitled to injunctive relief in the form of a permanent injunction prohibiting further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT IV
## INFRINGEMENT OF FEDERALLY REGISTERED MARKS
## UNDER THE LANHAM ACT

69. MADD repeats and realleges the material facts in the preceding paragraphs as if fully set forth herein.

70. In promoting their services, MADD often provides clothing with one or more of the MADD Marks.

71. Defendants' MADDSEXY mark is confusingly similar to the MADD Marks, including, but not limited to, the MADD mark.

72. Defendants acts detailed above are likely to deceive and cause confusion of the public, and constitute infringement of the MADD Marks, including, but not limited to, United States Service Mark Registration No. 1,250,706 for "MADD" under 15 U.S.C. § 1114(1) and Plaintiff's other MADD Marks in violation of Plaintiff's rights under 15 U.S.C. §§ 1116 and 1117.

73. Defendants' infringement has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public.

74. Defendants should be, upon final hearing, permanently enjoined from using "MADDSEXY" or any confusing and deceptively similar name or mark pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

75. MADD repeats and realleges the material facts in the preceding paragraphs as if fully set forth herein.

76. Defendants' acts, as detailed above, constitute common law trademark infringement and unfair competition, and have created and will continue to crate a likelihood of confusion to the irreparable injury of MADD unless restrained by this Court.

77. On information and belief, Defendants acted with full knowledge of MADD's use of and common law rights in the MADD Marks, and without regard to the likelihood of confusion of the public created by Defendants' use of their MADDSEXY mark.

78. MADD has no adequate remedy at law for this injury.

79. MADD is entitled, subject to the principles of equity and upon such terms as the Court deems reasonable, to an injunction against Defendants' use of the "MADDSEXY" mark.

## JURY DEMAND

80. MADD respectfully demands a trial by jury of all issues so triable.

## REQUEST FOR RELIEF

81. MADD respectfully requests that this Court enter an Order granting it the following relief:

　　a.　Preliminarily and thereafter permanently enjoining Defendants, as well as and their agents, servants, employees, attorneys, and all those in active concert or

participation with them, from using the term "MADDSEXY" and any name or mark that incorporates any portion of Plaintiff's MADD Marks, or any name or mark that is confusingly or deceptively similar thereto, whether as a corporate name, trade name, assumed name, trademark, service mark, or otherwise;

  b. Preliminarily and thereafter permanently enjoining Defendants, as well as and their agents, servants, employees, attorneys, and all those in active concert or participation with them, from using the term "MADDSEXY" and any name or mark that is likely to cause dilution of Plaintiff's MADD Marks;

  c. Ordering Defendants to cease using their domain-name maddsexy.com;

  d. Ordering Defendant MADDSEXY Lingerie & More to abandon its pending U.S. application for MADDSEXY, Ser. No. 85/090,091, with the United States Patent and Trademark Office;

  e. Ordering Defendants, as well as their agents, servants, employees, attorneys, and all those in active concert or participation with them, to deliver up all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing any and all words, terms, names, symbols, devices, or combinations thereof, designations, descriptions, or representations that are the subject of any and all of Defendants' violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and any and all reproductions, counterfeits, copies, or colorable imitations thereof, and any and all plates, molds, matrices, and other means of making the same for destruction at Defendants' expense and on other just and proper terms, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118;

  f. Preliminarily and thereafter permanently enjoining Defendants, as well as and their agents, servants, employees, attorneys, and all those in active concert or participation with them, from otherwise unfairly competing with MADD and from committing any other acts which disparage or destroy the public's recognition of Plaintiff's "MADD" marks as service marks for MADD's services;

  g. Preliminarily and thereafter permanently enjoining Defendants, as well as and their agents, servants, employees, attorneys, and all those in active concert or participation with them, from passing off, or inducing or enabling others to pass off products or services not MADD's as if they were products or services of MADD;

  h. Ordering Defendants to file with this Court, within thirty (30) days after the entry of any injunction in this cause, a written statement under oath setting forth in detail the manner in which it has complied with the injunction; and

  i. That MADD be awarded such other and further relief, at law and in equity, both general and special, to which it may show itself justly entitled.

Dated this 10th day of February, 2012

                Respectfully submitted,

                **FELDMAN GALE, P.A.**
                One Biscayne Tower, 30th Floor
                2 South Biscayne Boulevard
                Miami, Florida 33131
                Telephone: 305-358-5001
                Facsimile: 305-358-3309

             By: __/s/ _Susan J. Latham_____
                James A. Gale / Fla. Bar no. 371726
                jgale@feldmangale.com
                Susan J. Latham / Fla. Bar no. 0687391
                slatham@feldmangale.com

and

**THOMPSON & KNIGHT LLP**
Herbert J. Hammond
(*pending pro hac vice admission*)
Texas State Bar No. 08858500
Justin S. Cohen
(*pending pro hac vice admission*)
Texas State Bar No. 24078356

1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 969-1700
Fax: (214) 969-1751
ATTORNEYS FOR PLAINTIFF
MOTHERS AGAINST DRUNK DRIVING